5 F.3d 548
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Brad HUCKABEE, Defendant-Appellant.
 No. 92-2149.
 United States Court of Appeals, Tenth Circuit.
 Aug. 17, 1993.
 
 ORDER AND JUDGMENT[1]
 Before MCKAY, LOGAN, and TACHA, Circuit Judges.
 
 
 1
 William Brad Huckabee appeals from his conviction and sentence on two counts of misapplication of bank funds in violation of 18 U.S.C. 657. We exercise jurisdiction under 28 U.S.C. 1291 and 18 U.S.C. 3742 and affirm.
 
 
 2
 Mr. Huckabee was a director of Sandia Federal Savings & Loan ("Sandia Federal"), a federally insured thrift in Albuquerque, New Mexico. He also served as president and director of Sandia Mortgage Company ("Sandia Mortgage"), a wholly-owned subsidiary of Sandia Federal engaged in the business of booking residential mortgages. During this time, Huckabee retained ties with Remington Builders ("Remington"), a residential home construction firm.
 
 
 3
 After the Federal Home Loan Board closed Sandia Federal in March 1989, agents of the Resolution Trust Corporation began investigating the circumstances surrounding the making and subsequent "deed-in-lieu-of-foreclosure" compromise of a $720,300 real estate development loan to Remington that was issued by Sandia Mortgage on March 2, 1988.[2] Huckabee ultimately was convicted of two counts of misapplication of bank funds in violation of 18 U.S.C. 657--one count each for the making and subsequent compromise of the March 2 loan.
 
 
 4
 On appeal, Huckabee first challenges the trial court's instructions, arguing that the court erred in not incorporating his definition of "misapplication" and that the instructions as to the second count were ambiguous. We conclude that the "instructions as a whole sufficiently cover the issues presented by the evidence and constitute correct statements of the law." United States v. Davis, 953 F.2d 1482, 1492 (10th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 2286 (1992). First, the district court properly defined "misapplication." We have held that 657 requires the proof of four elements: "(1) the willful (2) misapplication (3) of money, funds or credits (4) of a federally protected bank." Id. (internal quotations omitted). The second element exists if the defendant "causes all or part of [a] loan to be made for his own benefit while concealing his interest from the bank." Id. at 1493. Citing United States v. McCright, 821 F.2d 226 (5th Cir.1987), cert. denied, 484 U.S. 1005 (1988), Huckabee argues that the court should have emphasized that the defendant may not be found guilty under 657[3] for merely concealing his financial stake in the loan without proof that he caused the loan to issue. See id. at 230-31. We discern no conflict between McCright and our case law: the defendant's concealment of his interest by itself does not constitute "misapplication." See Davis, 953 F.2d at 1493. Thus, Huckabee's requested instruction would have been superfluous to the court's proper instruction that misapplication occurs "when an officer or a director of a bank knowingly lends money or causes a loan to be made to his own benefit[,] concealing his interest from the bank." As to the remaining challenged instructions, we conclude that they were not ambiguous when read together with the instructions as a whole.
 
 
 5
 Huckabee next challenges the sufficiency of the evidence. In addressing this challenge, we review the record in the light most favorable to the government to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). We conclude that there was sufficient evidence to convict Huckabee on both counts.
 
 
 6
 As to the first count, we reject Huckabee's arguments that there was insufficient evidence to establish that Sandia Mortgage extended any credit through a loan, that he had any interest in the alleged loan, or that he made or influenced the making of the alleged loan. First, several witnesses testified that the $720,300 loan was separate from and unrelated to the earlier established $2.5 million line of credit. Second, Huckabee completely fails to address the most incriminating evidence of his interest in the loan--that he would be personally liable on a $484,000 letter of credit held by another bank if Remington could not apply the loan proceeds to cover its debt to that bank. Finally, several witnesses testified that Huckabee applied for the loan and that he was involved in several meetings regarding the decision to approve the loan. Because the jury could reasonably infer that Huckabee exerted his influence as director during these meetings, we conclude that there was sufficient evidence to sustain the conviction on the first count.
 
 
 7
 As to the second count, we reject Huckabee's arguments that there was insufficient evidence to establish that he intentionally concealed his interest in the settlement from Sandia Federal and that he did anything to influence Sandia Federal's decision to settle with Remington. First, at the time of the settlement, Huckabee held stock in Remington, and the jury could reasonably infer that he knew about the stock despite his denials. Several witnesses testified that Sandia Federal's Board of Directors would not have settled had it known of Huckabee's equity interest in Remington. Second, Huckabee admits that, although he did not vote on the decision to settle, he argued forcefully in favor of the settlement during the Board's meeting. Because Huckabee's admitted conduct was sufficient to establish that he influenced Sandia Federal's decision in a significant way, see McCright, 821 F.2d at 230-31 (suggesting that advocacy without voting is sufficient to prove influence in this context), we affirm his conviction on the second count.
 
 
 8
 Finally, we reject both of Huckabee's challenges to his sentence. The district court did not clearly err in concluding that Huckabee abused his position of trust under United States Sentencing Guidelines 3B1.3, see United States v. Williams, 966 F.2d 555, 557 (10th Cir.1992) (applying clearly erroneous standard), or in calculating the loss that resulted from Huckabee's conduct, see United States v. Gallegos, 975 F.2d 710, 712 (10th Cir.1992) (applying clearly erroneous standard to calculation of loss under U.S.S.G. 2F1.1).
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Remington had acquired a separate $2.5 million line of credit from Sandia Mortgage on November 6, 1986
 
 
 [3]
 Although McCright involved a conviction for violating 18 U.S.C. 656, a parallel statute protecting institutions insured by the FDIC, the essential elements of the crimes established by each statute are the same. See Davis, 953 F.2d at 1492 n.15